UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNELL HESTER,

    Petitioner

v.                                                                                                              Case No.: 8:09-cv-2112-T-24TGW
                                                                                                                            8:03-cr-105-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause is before the Court upon Petitioner Donnell Hester's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. No. 1.) Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255 (b).

**I.    Background**

Petitioner was found guilty after a jury trial of conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II) and 846 (Count 1), possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II) (Count 2), and possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c) (Count 3).

On April 15, 2005, Petitioner was sentenced to 78 months imprisonment on Counts 1 and 2, to run concurrently, and 60 months as to Count 3 to run consecutively to the term imposed for

Counts 1 and 2. The judgment was entered against Petitioner on that same day. Petitioner filed a notice of appeal from the judgment and sentence on April 20, 2005. The Eleventh Circuit affirmed and entered judgment on October 18, 2006. Thereafter, on October 14, 2009, Petitioner mailed the instant § 2255 motion to the Clerk for filing.

## II. Discussion

Petitioner moves to vacate his conviction and sentence on several grounds. However, because his motion is untimely, the motion is denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)). Petitioner appealed his conviction, and the Eleventh Circuit entered its judgment affirming the conviction on October 18, 2006. Thereafter, Petitioner had until January 16, 2007 to petition the Supreme Court for review. Sup. Ct. R. 13(1). Petitioner did not do so, and as such, his judgment of conviction became final on January 16, 2007. *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003) (stating that after a non-meritorious appeal, "[f]inality attaches when th[e] [Supreme] Court affirms a conviction on the merits on direct

2

review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

Since the one-year limitations period began to run on January 16, 2007, Petitioner's § 2255 motion was required to be filed by January 16, 2008 in order to be timely. However, Petitioner did not file the instant § 2255 motion until October 14, 2009, more than a year after the expiration of the one-year limitations period. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a pro se prisoner's § 2255 motion is deemed to be filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it). As a result, his § 2255 motion is untimely and must be denied.

Petitioner contends that he is actually innocent of the charges for which he was convicted. Actual innocence, however, does not support equitable tolling of the applicable limitation period. *See Taylor v. Secretary for Dep't of Corr.*, 230 Fed. Appx. 944 (11th Cir. 2007) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [petitioner] has failed to make a substantial showing of actual innocence.").

**III.  Conclusion**

Accordingly, Petitioner's § 2255 motion is **DENIED** as time-barred. The Clerk is directed to enter judgment against Petitioner in the civil case and to close the civil case**.**

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of November, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner